UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GORDON B., <br><br>                Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br>                Defendant. | Case No. C24-5305-MLP <br><br> ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating Plaintiff's tremors at step two. (Dkt. # 11.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

|   |   |
|---|---|
| 1 | **II.     BACKGROUND** |
| 2 | Plaintiff was born in 1977, has a high school education, and has worked as a gunner's |
| 3 | mate, delivery driver, hazmat material remover, crane rigger, and longshoreman. AR at 1783. |
| 4 | Plaintiff was last gainfully employed before the relevant period. *Id.* at 1771. |
| 5 | In September 2018, Plaintiff applied for benefits, alleging disability as of June 2018. AR |
| 6 | at 1768. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff |
| 7 | requested a hearing. *Id.* at 109-23. After the ALJ conducted a hearing in May 2021, the ALJ |
| 8 | issued a decision finding Plaintiff not disabled. *Id.* at 10-33. The Appeals Council denied |
| 9 | Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *Id.* |
| 10 | at 1-6. Plaintiff appealed, and in August 2022, based on the stipulation of the parties, this Court |
| 11 | remanded Plaintiff's application for further proceedings. *Id.* at 1855-60. After conducting a |
| 12 | hearing in October 2023, the ALJ again found Plaintiff not disabled. *Id.* at 1765-90. |
| 13 | Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, |
| 14 | Plaintiff had the severe impairments of obesity, status post traumatic brain injury, degenerative |
| 15 | disc disease of the lumbar and cervical spine status post cervical fusion, posttraumatic stress |
| 16 | disorder ("PTSD"), and depression. AR at 1771. Subsequently, the ALJ determined that Plaintiff |
| 17 | had the residual functional capacity ("RFC") to perform light work with some limitations: he |
| 18 | could frequently climb ramps and stairs and occasionally climb ladders and scaffolds; he could |
| 19 | occasionally stoop, crouch, crawl, and kneel; he could occasionally reach overhead bilaterally; |
| 20 | he could do simple tasks; he could frequently handle, finger, and feel bilaterally; and he could |
| 21 | not be exposed to concentrated fumes, gases, dust, odors, or other pulmonary irritants in the |
| 22 | workplace. *Id.* at 1774. This appeal followed. (Dkt. # 6.) |

---

[2] 20 C.F.R. § 404.1520.

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

A. The ALJ Erred at Step Two

Plaintiff contends that the ALJ erred by failing to find his tremors severe at step two of the sequential evaluation process. (Dkt. # 11 at 3.) Step two requires the ALJ to assess "the combined effect of all of the claimant's impairments on [his] ability to function, without regard to whether each alone was sufficiently severe." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.

ORDER - 3

1996). An impairment is severe if it significantly limits the claimant's ability to perform basic work activities for at least 12 months. *See* 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii). As this step serves as a *de minimis* screening device to eliminate groundless claims, "the step-two severity threshold is not high." *Toledo v. Comm'r of Soc. Sec.*, 2024 WL 3029251, at *3 (E.D. Cal. June 17, 2024).

In this case, Plaintiff consistently reported that his tremors severely limited his ability to function. In a September 2018 function report, he stated that his tremors interfered with his ability to work. AR at 296. At both hearings, Plaintiff testified to ongoing difficulties caused by his tremors, explaining that tasks such as picking up objects, typing, and performing fine motor functions like tying shoelaces or buttoning clothes were difficult due to his tremors. *Id.* at 54-58, 1774-74, 1796. Despite this clear testimony and consistent record, the ALJ did not recognize Plaintiff's tremors as a medically determinable impairment, instead attributing all physical limitations to obesity and cervical impairments. *Id.* at 1771-72. The ALJ's approach violates the requirement that the combined effect of all impairments, not just those deemed most severe, must be considered. *See Smolen*, 80 F.3d at 1290.

Although the ALJ acknowledged Plaintiff's complaints of tremors during the RFC analysis, no substantive explanation was provided for disregarding those complaints. AR at 1778. The clinical evidence relied upon by the ALJ actually supported Plaintiff's claims, documenting a "fine resting tremor in bilateral upper extremities, worse with reaching," and an "obvious tremor with all active movements of the arms bilaterally." *Id.* at 498, 903. Given that step two is a *de minimis* threshold, Plaintiff's burden to show severity was low. *See Tomasek v. Astrue*, 2008 WL 361129, at *13 (N.D. Cal. Feb. 11, 2008). The ALJ's failure to adequately consider Plaintiff's tremors is not supported by substantial evidence.

        The Commissioner argues that any error at step two is harmless because the ALJ considered Plaintiff's tremors when assessing the RFC. (Dkt. # 14 at 4-5.) While an error at step two may be harmless if all impairments are accounted for in the RFC, the RFC must reflect all medically determinable impairments, whether or not they are severe. *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014); 20 C.F.R. § 404.1545(e). In this case, the ALJ concluded that Plaintiff's tremors were "minimal" and imposed no additional functional limitations. AR at 1778. The ALJ's limitation to "occasional overhead reaching," does not address the tremor-related limitations. Plaintiff testified that his reaching issues were due to neck pain, not tremors. *Id.* at 1775, 1780. Therefore, the ALJ's conclusion does not adequately account for Plaintiff's tremor-related functional issues.

        Moreover, the ALJ's reliance on a single treatment note stating Plaintiff was not "having major interference from [his] tremor" is misguided. AR at 1543. The same note acknowledges that Plaintiff's tremors worsened with increased pain, indicating cyclical flare-ups. *Id.* This cyclical nature of symptoms is well-recognized in the Ninth Circuit and should have been considered by the ALJ. *See Garrison*, 759 F.3d at 1017.

        The Commissioner contends that the ALJ reasonably evaluated the objective medical evidence and explained that the RFC accommodated Plaintiff's "pain, stiffness, tremor, and abnormal sensation." (Dkt. # 14 at 5.) However, the ALJ's summary of the medical records lacks specificity and fails to explain how these records support the conclusion that Plaintiff's tremors did not affect fine motor functions. AR at 1778 (citing *id.* at 640, 695, 898, 901, 907-08, 1138, 1184, 1209, 1240). Without a clear link between the medical evidence and the RFC finding, the ALJ's decision is unsupported by substantial evidence.

ORDER - 5

The ALJ also improperly relied on Plaintiff's daily activities—such as driving and using social media—to dismiss his testimony regarding the severity of his tremors. AR at 1780. The Ninth Circuit has repeatedly cautioned against equating daily activities with the ability to perform full-time work. *See*, *e.g.*, *Garrison*, 759 F.3d at 1016; *Smolen*, 80 F.3d at 1284 n. 7; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff testified that he drove with difficulty and struggled to type on social media because of his tremors. These occasional and accommodated activities do not undermine Plaintiff's broader claims regarding his limitations.

Furthermore, the Commissioner's comparison to *Butler v. Saul*, 785 F. App'x 389, 390 (9th Cir. 2019), and *Everson v. Colvin*, 577 F. App'x 743, 744 (9th Cir. 2014), is unpersuasive. (Dkt. # 14 at 6-7.) In *Butler*, the ALJ found the opinion that claimant could only occasionally use her right hand to grasp, finger, and feel inconsistent with her testimony that she "could perform all fine motor skills, play the piano or use a computer keyboard for up to 30 minutes at a time, home school her six-year-old for two hours a day, and engage in other extensive daily living activities." 785 F. App'x at 390. Similarly, in *Everson*, the ALJ found the claimant's testimony that "she could not use her hands for gross or fine manipulation" inconsistent with her testimony "that she regularly grips a steering wheel when driving, uses a cane, and uses her hands for dressing and grooming." 577 F. App'x at 744. By contrast, Plaintiff consistently reported significant tremor-related difficulties and limited activities. For example, he stated that he drove with his hands low on the steering wheel to manage his tremors, and that he had to use one finger to type, often making mistakes. AR at 54-58, 1774, 1796. As such, the ALJ's decision to discredit Plaintiff's testimony based on occasional driving and less than an hour of social media each day, is not supported by substantial evidence.

1   Finally, the Commissioner argues that the ALJ's decision is valid based on other
2   activities in the record, such as Plaintiff filling out forms, going on camping trips, and rescuing
3   turtle eggs. (Dkt. # 14 at 6-7 (citing AR at 44-45, 47, 50-51, 1354, 1469, 1756, 2304).) However,
4   the Ninth Circuit prohibits affirming an ALJ's decision based on justifications not explicitly
5   articulated in the ALJ's findings. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017); *Bray*
6   *v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). The ALJ did not cite these
7   activities to discredit Plaintiff's tremor-related limitations. In fact, the ALJ's decision explicitly
8   focused on Plaintiff's ability to drive and use social media to justify rejecting Plaintiff's
9   testimony about his tremors, not the other activities now highlighted by the Commissioner. AR at
10  1778, 1780. These new arguments are *post hoc* rationalizations, which cannot be used to bolster
11  the ALJ's decision after the fact.
12  In sum, the ALJ erred by failing to properly assess Plaintiff's tremors at step two and in
13  the RFC. The error is not harmless because, had Plaintiff's tremors been properly considered, a
14  more restrictive RFC and a different disability determination might have resulted. *See Stout v.*
15  *Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

16  **B.  Proper Remedy is Remand for Further Proceedings**

17  Plaintiff argues that the ALJ's errors, along with the Vocational Expert's testimony,
18  establish the validity of his disability claim. (*See generally* dkt. # 11 at 8-17.) As relief, he
19  requests that this Court remand the matter for an immediate award of benefits. (*Id.*) However,
20  "[t]he touchstone for an award of benefits is the existence of a disability, not the agency's legal
21  error." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).
22  Here, the ALJ's error in evaluating Plaintiff's tremors affected the entire disability
23  determination process. However, this alone does not conclusively establish that Plaintiff is

ORDER - 7

disabled. Further proceedings are required to develop the record and address unresolved conflicts, particularly between the medical opinions, treatment notes documenting improvement in Plaintiff's condition, and evidence of Plaintiff's daily activities. *See, e.g., Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008) ("the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence"); *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (emphasizing that resolving conflicts in testimony is a function solely for the agency); *Fair*, 885 F.2d at 604 ("we are not triers of fact"). Although these unresolved issues do not rule out the possibility that Plaintiff may ultimately be found disabled, they prevent this Court from issuing an immediate award of benefits. *See Treichler v. Colvin,* 775 F.3d 1090, 1106–07 (9th Cir. 2014); *Burrell v. Colvin,* 775 F.3d 1133, 1141–42 (9th Cir. 2014). "Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the medical and testimonial evidence, reassess Plaintiff's RFC, and proceed to the remaining steps of the disability process as appropriate.

Dated this <u>18th</u> day of October, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge